■ BOARD OF MANAGERS OF CONTINENTAL TOWERS CONDOMINIUM, Respondent, v CRESTMONT MANAGEMENT CORPORATION et al., Defendants, and MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED, Appellant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered July 16, 1991, which denied defendant-appellant's motion to dismiss the complaint as against it for failure to state a cause of action, unanimously affirmed, with costs.

In this action by plaintiff condominium to recover reserve funds allegedly misappropriated by its managing agent, defendant-appellant, a depositary of the funds, is alleged to have had knowledge of unauthorized transfers made by the managing agent from accounts it kept with defendant, or with a failure to make proper inquiry with respect thereto. We reject defendant's contention that the complaint lacks sufficient factual allegations to support a claim against it. The transac-

tions in question are specified, and whether defendant knew or should have known of the defalcations properly states causes of action under various theories (see, *Matter of Knox,* 64 NY2d 434, 438). Nor does plaintiff seek recovery directly under Administrative Code of the City of New York § 26-703. Reference to that section is made only for the purpose of establishing that the funds were to be used for a specific purpose. Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.